I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 12·20·13

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC 2 0 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO H. HERNANDEZ, | Case No. EDCV 13-2266-PSG (JPR) |
| Petitioner, | |
| vs. | ORDER TO SHOW CAUSE |
| AMY MILLER, Warden, | |
| Respondent. | |

On December 3, 2013, Petitioner constructively filed a federal habeas Petition under 28 U.S.C. § 2254.[1] The Petition purports to challenge Petitioner's 2009 convictions in San

---

[1] Petitioner apparently first filed a petition on September 13, 2013, in the Southern District of California, Pet. for Writ of Habeas Corpus, Hernandez v. Miller, No. 3:13-cv-02201-GPC-BGS (S.D. Cal. Sept. 13, 2013), ECF No. 1, which ordered it transferred to this district, id., transfer order (S.D. Cal. Sept. 18, 2013), ECF No. 3. To date the Court has not received Petitioner's petition filed in the Southern District. Petitioner apparently filed his Petition in this district after attempting to contact the district court in the Southern District and being informed that his case had been transferred. (See id. at docket 4.) In any event, even if the date he filed the Southern District petition is used, he still apparently missed the expiration of the statute of limitations by more than two years, as explained herein.

Bernardino County Superior Court for sexual assault and related crimes. (Pet. at 2.) According to Petitioner, the California Supreme Court denied review of his Petition for Review on direct appeal on August 12, 2009.[2] (Id. at 3.) He states that he has not filed any state habeas petitions (id.), and the Court's review of the California Appellate Courts' Case Information website confirms that.

Petitioner raises four claims in his Petition: (1) admission at trial of Child Sexual Abuse Accommodation Syndrome evidence violated due process; (2) trial counsel was ineffective by failing to object to the admission of certain evidence; (3) the trial court violated due process in failing to give a unanimity instruction; and (4) the cumulative effect of these errors deprived Petitioner of due process. (Id. at 5-6.) He raised all these claims on direct appeal. (Id.)

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner generally has one year from the date his conviction becomes final in which to file a federal habeas petition. See 28 U.S.C. § 2244(d). That statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] The Court's review of the California Appellate Courts' Case Information website shows that it was actually August 19, 2009.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction apparently became final 90 days after the state supreme court denied review - in other words, on November 17, 2009. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B), (C), or (D). He does not contend that he was impeded from filing his federal petition by unconstitutional state action. Nor are his claims based on a

federal constitutional right that was initially recognized by the U.S. Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, Petitioner has long been aware of the underlying factual and legal predicates of his claims, as he raised them all on direct appeal.

Thus, Petitioner's last day to file his federal habeas Petition was November 17, 2010, unless a basis for tolling the statute exists. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, Petitioner's Petition was filed more than three years late.

No basis for statutory tolling under § 2244(d)(2) appears to exist here, as Petitioner apparently has not filed any state habeas petitions. Under certain circumstances, a habeas petitioner may be entitled to equitable tolling, see Holland v. Florida, 560 U.S. 631, __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010), but only if he shows that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way," see Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005). Here, Petitioner has not purported to make any such showing.

A district court has the authority to raise the statute-of-limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court gives petitioner adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that on or before **January 19, 2014**, Petitioner show cause in writing, if he has any, why the Court should not dismiss this action with prejudice because it is untimely. If Petitioner intends to rely on the equitable-tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury stating facts showing that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." He may submit any other evidence he deems appropriate to support his claim to tolling.

Petitioner is expressly warned that his failure to timely respond to this Order may result in his Petition being dismissed for the reasons stated above and for failure to prosecute.

DATED: December 20, 2013

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE